UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

MARTINEZ M. EDWARDS,

    Plaintiff,

v.                                               Case No. 24-cv-700-bhl

JOSEPH A. MCLEAN,

    Defendant.

---

## SCREENING ORDER

---

Plaintiff Martinez M. Edwards, who is currently serving a state prison sentence at the Milwaukee Secure Detention Facility and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. This matter comes before the Court on Edwards' motion for leave to proceed without prepayment of the filing fee and to screen the complaint.

### MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE

Edwards has requested leave to proceed without prepaying the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. §1915(b)(1). Edwards has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. §1915(a)(2), and has been assessed and paid an initial partial filing fee of $12.65. The Court will grant Edwards' motion for leave to proceed without prepaying the filing fee.

### SCREENING OF THE COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, and dismiss any complaint

or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555 (internal quotations omitted).

## ALLEGATIONS OF THE COMPLAINT

Edwards is an inmate at the Milwaukee Secure Detention Facility, where Defendant Joseph McLean is a doctor. Dkt. No. 1. at 2. On March 21, 2024, Dr. McLean prescribed Edwards a Vitamin D3 pill from Rugby Laboratories that allegedly contains Talc powder. *Id*. According to

2

Edwards, Talc powder can cause multiple types of cancer, yet Dr. McLean never informed him about this risk before prescribing the medication. *Id*. When Edwards later told Dr. McLean about the ingredients, Dr. McLean acknowledged it but did not perform any follow-up testing to ensure he was in good health. *Id*. at 2-3. Edwards states, "I honestly don't know why a doctor wouldn't inform me on something so harsh to the human body." *Id*. at 3. For relief, Edwards seeks monetary damages. *Id.* at 4.

### THE COURT'S ANALYSIS

"To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that he or she was deprived of a right secured by the Constitution or the laws of the United States, and that this deprivation occurred at the hands of a person or persons acting under the color of state law." *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)).

Edwards asks to proceed on an Eighth Amendment deliberate indifference claim. Dkt. No. 1. To state a claim in connection with a medical provider's failure to warn an inmate about the potential side effects of a medication, Edwards must allege: (1) a substantial risk of developing a serious side effect; and (2) the medical provider knew the risk to be substantial and was deliberately indifferent towards it. *Phillips v. Wexford Health Sources, Inc.*, 522 F. App'x 364, 367 (7th Cir. 2013). A doctor is not required to provide each prisoner-patient with an exhaustive list of all possible adverse effects of a medication, but he is required to notify inmates about the "substantial risks" to their health. *Id*.

Edwards alleges that Dr. McLean did not inform him of one of the risks of taking Vitamin D3 pills from Rugby Laboratories—consuming Talc powder—which can allegedly cause multiple types of cancer. While cancer would be a "serious" side effect, Edwards does not allege that the risk of developing cancer was substantial, nor does he allege that Dr. McLean knew the risk to be substantial yet was deliberately indifferent towards it. Edwards doesn't explain how much of the

3

medication he allegedly took; how long he allegedly took it for; whether Dr. McLean knew that the medication posed a substantial risk of cancer; whether he asked Dr. McLean for a different prescription medication once he realized he did not want to consume one containing Talc powder; or what Dr. McLean allegedly said or did in response to his reported concerns about the medication. Edwards also does not allege any actual injury that required follow-up testing. *See Lossman v. Pekarske,* 707 F.2d 288, 290 (7th Cir. 1983) (concluding that a section 1983 claim is a "tort damage action."); *see Jackson v. Pollion*, 733 F.3d 786, 790 (7th Cir. 2013) (noting that "[t]here is no tort…without an injury…"). Edwards also does not allege that he suffered any actual side effects from taking the Vitamin D3 pills. He does not allege that he was actually diagnosed with cancer. Because Edwards does not allege facts from which the Court can reasonably infer that Dr. McLean was deliberately indifferent towards his health and caused an actual injury, the Court will dismiss the original complaint for failure to state a claim.

The dismissal is not final, however. As a general matter, *pro se* plaintiffs are allowed at least one chance to amend an inadequately pleaded complaint. *See Boyd v. Bellin*, 835 F. App'x 886, 889 (7th Cir. 2021). The Court will therefore give Edwards an opportunity to file an amended complaint to cure the deficiencies described above. The Court will enclose a guide for *pro se* prisoners that explains how to file an amended complaint that the Court can effectively screen. The Court also will include a blank prisoner amended complaint form. The Court will require Edwards to use that form to file his amended complaint. *See* Civ. L. R. 9 (E.D. Wis.). Edwards is advised that the amended complaint must bear the docket number assigned to this case. The amended complaint replaces the prior complaint and must be complete in itself without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056–57 (7th Cir. 1998). In *Duda*, the appellate court emphasized that in such instances, the "prior pleading is in effect withdrawn as to all matters not restated in the amended pleading." *Id.* at 1057 (citation omitted). If Edwards files an amended complaint, the Court will

4

screen it as required by 28 U.S.C. §1915A. If Edwards does not file an amended complaint, the Court will likely dismiss this case.

## CONCLUSION

**IT IS THEREFORE ORDERED** that Edwards's motion for leave to proceed without prepayment of the filing fee (Dkt. No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that the original complaint is **DISMISSED** because it fails to state a claim. Edwards may file an amended complaint that complies with the instructions in this order **within 30 days of this order**. If Edwards files an amended complaint by the deadline, the Court will screen it as required by 28 U.S.C. §1915A. If Edwards does not file an amended complaint by the deadline, the Court will likely dismiss this case.

**IT IS FURTHER ORDERED** that the Clerk's Office mail Edwards a blank prisoner amended complaint form and a copy of the guide entitled "Guide to Filing Prisoner Complaints Without a Lawyer in the United States District Court for the Eastern District of Wisconsin," along with this order.

**IT IS FURTHER ORDERED** that the agency having custody of Edwards shall collect from his institution trust account the **$337.35** balance of the filing fee by collecting monthly payments from Edwards' prison trust account in an amount equal to 20% of the preceding month's income credited to Edwards' trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Edwards is transferred to another institution, the transferring institution shall forward a copy of this Order along with Edwards' remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where Edwards is located.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for filing to the Court to the following address:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Edwards is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin on July 10, 2024.

> s/ *Brett H. Ludwig*
> BRETT H. LUDWIG
> United States District Judge