UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

MARTINEZ M. EDWARDS,

        Plaintiff,

        v.                                    Case No. 24-cv-700-bhl

JOSEPH A. MCLEAN,

        Defendant.

---

## DISMISSAL ORDER

---

      Plaintiff Martinez M. Edwards, who is confined at the Milwaukee Secure Detention Facility and representing himself, filed a complaint under 42 U.S.C. § 1983 alleging that Defendant Joseph A. McLean violated his civil rights. Dkt. No. 1. On July 10, 2024, the Court screened and dismissed the original complaint for failure to state a claim upon which relief can be granted. Dkt. No. 7. The Court concluded that Edwards did not have an Eighth Amendment deliberate indifference claim in connection with allegations that Dr. McLean prescribed a Vitamin D3 pill that contained Talc powder without informing him of the risk of developing cancer. *Id*. at 3-4. The Court noted that Edwards failed to allege any facts showing that the risk of developing cancer was "substantial" or that Dr. McLean knew the risk to be substantial yet was deliberately indifferent towards it. *Id*. The Court also noted that Edwards failed to allege any facts showing an actual injury from taking the medication such as side effects that required follow-up treatment or testing or an actual cancer diagnosis. *Id*. at 4. The Court nevertheless gave Edwards an opportunity to file an amended complaint to attempt to state a claim. *Id*.

      On July 19, 2024, Edwards filed an amended complaint. Dkt. No. 8. The amended complaint reiterates the allegations from the original complaint and explains that exposure to Talc

powder "over the course of time, when being exposed by various forms" is "associated with the development of cancer." *Id*. at 2. He states that he took "one pill a day for…about a week" then requested cancer-screening. *Id*. The request for cancer-screening was denied because Edwards was not "at an age where any cancer screening would be done on a regular basis." *Id*. at 3. Edwards raised his concerns about the risk of cancer from taking the medication for a week to Dr. McLean and he responded, "You need to be sure of your information before you throw out accusations of negligence." *Id*. Edwards states that he is suffering from "the fear of developing cancer" but he has no other injuries that require medical attention at this time. *Id*. Edwards states that he later "asked for something more natural" but does not explain whether or not Dr. McLean gave him a different prescription. *Id*.

As explained in the prior screening order, to state an Eighth Amendment claim in connection with a medical provider's failure to warn an inmate about the potential side effects of a medication, Edwards must allege: (1) a substantial risk of developing a serious side effect; and (2) the medical provider knew the risk to be substantial and was deliberately indifferent towards it. *Phillips v. Wexford Health Sources, Inc.*, 522 F. App'x 364, 367 (7th Cir. 2013). Plaintiff's amended complaint still does not meet this standard. Plaintiff alleges that exposure to Talc powder "over the course of time" in "various forms" is associated with the development of cancer, yet he concedes that he only took one pill a day for about a week. These allegations do not implicate a "substantial" risk of developing cancer. *See e.g., Phillips,* 522 F. App'x at 367. Moreover, Edwards still does not allege that Dr. McLean knew that the risk of developing cancer was "substantial" yet was deliberately indifferent towards it. In fact, Edwards alleges nothing at all in connection with what Dr. McLean allegedly knew before prescribing the medication or how he was deliberately indifferent towards that information. Edwards' main gripe with Dr. McLean appears to stem from the doctor's rude or dismissive response to his fears about developing cancer from taking the medication for a week, but that does not state an Eighth Amendment claim. *See*

2

*e.g., Machicote v. Hoffman*, No. 21-CV-350-BBC, 2022 WL 4597878, at *5 (W.D. Wis. Sept. 30, 2022) (noting that a doctor's "dismissive remarks" does not show deliberate indifference to plaintiff's medical needs ); *see e.g.*, *Swann v. Brubaker*, No. 3:14-CV-1889 RM, 2016 WL 1317709, at *2 (N.D. Ind. Apr. 5, 2016) (noting that a nurse's "rude comments towards [plaintiff], even if unprofessional and out of line didn't violate the Constitution."). Edwards also does not identify any side effects or actual injuries he suffered that Dr. McLean failed to address or was deliberately indifferent towards. His main injury appears to be "fear" of developing cancer, which does not alone support a §1983 claim. *See e.g.*, *Whiteside v. Pollard*, No. 10-C-725, 2012 WL 314698, at *1 (E.D. Wis. Feb. 1, 2012), aff'd, 481 F. App'x 270 (7th Cir. 2012) ("The mere fear of injury does not suffice to advance a §1983 claim."); *Leach v. Ritz*, No. 3:18-CV-947-NJR-DGW, 2018 WL 8578322, at *3 (S.D. Ill. Oct. 22, 2018) ("Further, although [Plaintiff] is clearly afraid of developing cancer, such fear alone is not evidence of [] harm."). The amended complaint therefore fails to state a claim and the Court will dismiss this case.

**IT IS HEREBY ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. §§1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim.

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. §1915(g).

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

Dated at Milwaukee, Wisconsin on July 26, 2024.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge

This order and the judgment to follow are final. Plaintiff may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **30 days** of the entry of judgment. *See* Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If Plaintiff appeals, he will be liable for the $505.00 appellate filing fee regardless of the appeal's outcome. If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this Court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. §1915(g). If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serious physical injury. *Id.*

Under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The Court cannot extend these deadlines. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.